CREASEY GROCERY CORPORATION *v.* SOUTHERN MERCANTILE COMPANY.

Opinion delivered December 7, 1925.

1. APPEAL AND ERROR—CONCLUSIVENESS OF COURT'S FINDING.—Where both parties request a peremptory instruction and ask no other instruction, they thereby submit the case to the court sitting as a jury, and the court's finding will be affirmed on appeal if there is any testimony legally sufficient to support it.

2. EVIDENCE—ADMISSION.—Where defendant merchant sent to plaintiff corporation a stock certificate in another corporation and bearing a similar name, a letter from plaintiff to defendant stating that under the law a corporation could not buy back its stock, and further that the certificate was not issued by plaintiff, was not an admission that plaintiff and the other corporation were the same.

3. CORPORATIONS—REPRESENTATIONS OF THIRD PERSONS.—The representation of a corporation, having a name similar to that of plaintiff that a certain mercantile company was founded by the

former corporation was insufficient to render the plaintiff liable for the debts of the former corporation merely because plaintiff succeeded to the mercantile company's business, in the absence of proof that plaintiff knew of the representation and in some way acquiesced in it, or otherwise expressly or impliedly agreed to become liable for such debt.

4. CORPORATIONS—IDENTITY OF CORPORATIONS—EVIDENCE.—In an action for the sale of goods, in which defendant counterclaimed damages for breach of a contract for the sale of goods by another corporation of similar name, evidence *held* insufficient to establish that plaintiff corporation was a subsidiary of the other corporation and that the two were in fact one and the same concern.

Appeal from Washington Circuit Court; *W. A. Dickson,* Judge; affirmed.

### STATEMENT BY THE COURT.

The Creasey Grocery Corporation sued the Southern Mercantile Company to recover $167.50 for merchandise sold by the plaintiff to the defendant.

The defendant admitted that it had purchased the goods sued for, and by way of counterclaim alleged that it has been damaged in the sum of $302 by reason of the failure of the Creasey Corporation to carry out a contract for the sale of goods to it, and further alleged that the Creasey Corporation and the Creasey Grocery Corporation are one and the same.

George M. Wiley, vice-president and manager of the Creasey Grocery Corporation, was the principal witness for it. According to his testimony, the plaintiff was a Missouri corporation engaged in selling groceries by the wholesale at St. Louis and Kansas City, Mo. The goods sued for were shipped from the St. Louis house upon orders addressed to the Creasey Grocery Corporation, at St. Louis, Mo., which were signed by the Southern Mercantile Company. Upon cross-examination the witness stated that he had been employed by the Creasey Grocery Corporation since January, 1923, and had been a stockholder in it for about sixty days. His testimony was taken on the trial of the case on the 30th day of April, 1924. The witness had been the manager

of a branch house for the Creasey Corporation at Huntington, W. Va., for about a year. He resigned his position with the Creasey Corporation, and accepted his present position with the Creasey Grocery Corporation at St. Louis. The Creasey Grocery Corporation was a successor to the Brite-Mawnin Mercantile Company, of St. Louis, which was also a Missouri corporation.

On the 20th day of May, 1922, the plaintiff wrote to the defendant a letter which contains the following:

"We have yours of the 19th and contents noted with your enclosure of your stock certificate No. 503 in the Creasey Corporation which we are returning to you by registered mail. A Missouri coporation cannot buy back its stock, even if it wishes to do so, as it is illegal, and furthermore your certificate is not from the Creasey Grocery Corporation."

The Creasey Grocery Corporation is not interested in any way in the Creasey Corporation. They are two separate and distinct corporations. The defendant owes $167.50 for goods sold it by the plaintiff.

D. N. McCormick, secretary and manager of the Southern Mercantile Company, doing business at Prairie Grove, Washington County, Ark., was the principal witness for it. According to his testimony, he entered into a written contract with the Creasey Corporation, wholesale grocers incorporated under the laws of the State of Delaware, for a membership in the Creasey chain of co-operative wholesale grocers. The defendant paid the Creasey Corporation $302 for what is called a service contract. Under this contract the Creasey Corporation agreed to establish a wholesale grocery store at Ft. Smith, Ark., and sell at a discount to all service contract holders. The Creasey Corporation did establish a wholesale grocery store at Ft. Smith but only operated it eight months, and never kept anything like the stock of goods which it agreed to do. After it went out of business at Fort Smith, the Creasey Corporation asked the defendant to do business with the Creasey house at

St. Louis. The defendant sent in the orders sued on to the Creasey Grocery Corporation, at St. Louis, under the belief that it was the same corporation as the Creasey Corporation, and the defendant thought it would obtain the same terms from the Creasey Grocery Corporation, that it was entitled to under the service contract with the Creasey Corporation.

Both the plaintiff and the defendant asked for a directed verdict, and asked no other instructions. The court directed the jury to return a verdict in favor of the defendant in the sum of $300, less the $167.50 due on the account sued on.

The jury returned the verdict in accordance with the directions of the court, and from the judgment rendered the plaintiff has duly prosecuted an appeal to this court.

*C. D. Atkinson,* for appellant.

*H. L. Pearson,* for appellee.

HART, J., (after stating the facts). Under our practice, where both parties request a peremptory instruction and ask no other instructions, they thereby submit the case to the court sitting as a jury, and the court's finding will be affirmed on appeal if there is any testimony legally sufficient to support it. *St. L. Sw. Ry. Co.* v. *Mulkey,* 100 Ark. 71, and *Staggs v. Joseph,* 158 Ark. 133.

The undisputed evidence shows that the defendant purchased goods from the plaintiff in the sum of $167.50. The defendant admits this to be true, and seeks to recover by way of counterclaim from the plaintiff the sum of $302 alleged to be due for a breach of contract of the sale of merchandise.

The record shows that the Creasy Corporation, which was organized under the laws of Delaware, entered into what is called a service contract with various retail grocery dealers throughout the United States, whereby it was to furnish groceries to its members at a smaller price than is usually paid to wholesale grocers. The

theory upon which the members were secured was that the Creasey Corporation was to establish branch wholesale stores in the various States where its members could purchase goods, and save a material amount in freight on account of the nearness of their retail stores to the branch wholesale stores. Under this agreement or service contract, the defendant became a member entitled to credit with the Creasey Corporation, and was to purchase goods from a wholesale branch house of the Creasey Corporation to be established at Ft. Smith.

It is conceded that there is evidence sufficient to show a breach of contract on the part of the Creasey Corporation, and the defendant seeks to maintain its counterclaim against the Creasey Grocery Corporation on the ground that the Creasey Corporation and the Creasey Grocery Corporation are the same. The manager of the plaintiff testified that he had been employed as manager for the Creasey Grocery Corporation, and had become a stockholder in it; that he had formerly been employed by the Creasey Corporation, and that the two corporations were two separate and distinct corporations. To establish the fact that they were the same corporation, the defendant adduced evidence tending to show that when the Creasey Corporation ceased to operate its branch wholesale house at Fort Smith, it notified the defendant to purchase goods from the Creasey house at St. Louis, Mo. The defendant purchased the bill of goods sued on from the Creasey Grocery Corporation, believing it to be the same as the Creasey Corporation. This fact, however, would not make the Creasey Grocery Corporation liable. There must be something tending to show that the two corporations were the same, or that the plaintiff agreed to be bound by the contract of the Creasey Corporation, or that it acquiesced in the representation of the Creasey Corporation that it would carry out its contracts.

It is true there is a letter in the record from the plaintiff to the defendant in which it states that a Missouri corporation can not buy back its stock; but this is

not sufficient to constitute an admission that the Creasey Grocery Corporation and the Creasey Corporation are the same. The statement just referred to is coupled with the further statement that the certificate in question was not from the Creasey Grocery Corporation. So, instead of being an admission that the two corporations are one and the same, it is a denial that such is the case.

It is also true that the Creasey Grocery Corporation became the successor to the Brite-Mawnin Mercantile Company in business, and that the latter company was represented by the Creasey Corporation as being a wholesale grocery house founded by it. Here again, however, we must not confound conjecture with proof. The representation of the Creasey Corporation that the Brite-Mawnin Mercantile Company of St. Louis, Mo., was a wholesale grocery house founded by it would not make the plaintiff liable for its contracts simply because it succeeded to its business without proof to the effect that the plaintiff knew of the representation, and in some way acquiesced in it.

There is not sufficient evidence in the record to establish any connection whatever between the plaintiff and the Creasey Corporation, or to show that the plaintiff agreed directly or indirectly to carry out the contracts of the Creasey Corporation. As we have just seen, the mere fact that it succeeded to the business of a corporation which was associated with the Creasey Corporation would not render it liable for the contracts of the Creasey Corporation, in the absence of an agreement, express or implied, that it would become liable therefor. Neither would the fact that the defendant believed the plaintiff to be a part of the Creasey Corporation make it liable for the contracts of the latter in the absence of knowledge on the part of the plaintiff that the Creasey Corporation had represented to the defendant that it would carry out its contracts. Therefore, there was a lack of proof to establish the finding of the circuit court that the Creasey Grocery Corporation was a subsidiary

part of the Creasey Corporation, and that the two were in fact one and the same concern.

It follows that the court erred in directing a verdict for the defendant on its counterclaim, and for that error the judgment must be reversed, and the cause will be remanded for a new trial.